Steven M. Feinberg, Esq.
50 Jericho Turnpike, Suite 205
Jericho, NY 11753
(516) 997-9797
(516) 338-9693 Fax
(SMF)
Attorney for Defendant FF CREDIT CORP.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK: KINGSCOUNTY
---------------------------------------------------------------------- X
CIRO DEANGELIS,              |
                             |
                             | Civil Action#: CV11-2626
              Plaintiff,     |    (KAM)(MDG)
                             |
      -vs.-                  |
                             |
MAJOR CHEVROLET, INC., and   |
FF CREDIT CORPORATION, INC., |
                             |
              Defendants.    |
----------------------------------------------------------------------X

## ANSWER WITH AFFIRMATIVE DEFENSES
## AND COUNTERCLAIM

Defendant, FF CREDIT CORP., hereinafter "FF CREDIT", by its attorneys, Steven M. Feinberg, Esq. LLC, as and for an answer, allege as follows:

1.    Defendant FF CREDIT, denies the allegations contained in paragraph 1 through 4 of the complaint.

2.    Defendant, FF CREDIT, denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5 and 6 of the complaint.

3.    Defendant, FF CREDIT, admits the allegations contained in paragraph 7 of the complaint.

4. Defendant, FF CREDIT, denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 8, 9, 10 through 106 of the complaint.

5. Defendant, FF CREDIT, denies the allegations contained in paragraphs 107 through 109 of the complaint.

6. Defendant, FF CREDIT., denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the complaint.

7 Defendant, FF CREDIT, admits the allegations contained in paragraphs 111, 112 and 113 of the complaint.

8. Defendant FF CREDIT, denies the allegations contained in paragraph 114, 115, and 116 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction over the defendant FF CREDIT CORP.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Venue is improper in the United States District Court Eastern District of New York.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action upon which relief can be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendant is entitled to indemnification.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the doctrine of laches.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the doctrine of unclean hands.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery under the doctrine of Satisfaction and Accord.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

In the event plaintiff is entitled to recovery any recovery should be against Defendant, Major Chevrolet, Inc., as there is no cause of action against the remaining defendant.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery as it has failed to mitigate its damages

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff over Defendant, FF Credit Corp., is limited to the amount paid by Plaintiff under the retail installment contract

### AS AND FOR A FIRST COUNTERCLAIM

1. Upon information and belief, on or about November 14, 2009 Plaintiff entered into a Retail Sales Finance Agreement to purchase a 2000 Mitsubishi Galant from Defendant, Major Chevrolet, Inc., for the sum of

2. The contract bearing the signatures of the Defendant Major Chevrolet and the Plaintiff, Ciro Deangelis, was submitted to Defendant FF Credit Corp., for funding.

3. The contract, in bold 14 point lettering sets forth the following,

    NOTICE TO BUYER: 1. Do not sign this Agreement before you read it or if it contains any blank spaces.  2.  You are entitled to a completely filled in copy of this Agreement.

4. Right above the signature line for customers, in capitalized bold 16 point type the contract states, "I HAVE RECEIVED A COPY OF THIS CONTRACT SIGNED BY THE SELLER."

5. Relying on the representations made by Plaintiff in the Retail Installment Contract, which included the price of the vehicle, the amount of the down payment Defendant FF Credit Corp., extended credit to Plaintiff.

6. Subsequently, on ort about November 23, 2009 a "Welcome Package" was sent to Plaintiff. The package contains a letter from Defendant FF Credit Corp., copies of the Retail Installment Contract, a payment booklet instruction sheet and privacy notice.

7. The cover letter sent to Plaintiff clearly states:

> Please look over the payment booklet and contract carefully. If there are any errors or you have questions please call our office as soon as possible. If everything is in order we look forward to servicing your account. Once again thank you for your patronage.

At no time from November 14, 2009 to the filing of this lawsuit did Plaintiff contact Defendant FF Credit Corp., except to make his regular payments.

8. As set forth in Plaintiff's complaint, if Plaintiff knowingly entered in to a contract with material misrepresentations or if he remained silent after the discovery of the material misrepresentation he defrauded Defendant, FF Credit Corp., in order to obtain his financing and to maintain his financing during the course of the loan period.

9. Based on the foregoing Defendant FF Credit Corp., has been damaged in the amount of $5,867.36 with interest from November 14, 2009, minus any payments made to date, plus punitive damages, treble damages, costs and attorneys fees.

**AS AND FOR A FIRST CROSSCLAIM**

10. That if plaintiff was caused damages, as alleged in the complaint through the actions of defendants other than plaintiff's own malfeasance, carelessness and recklessness, said damages were sustained due to the primary and active, actions, negligent, careless and reckless acts of omission or commission of co-defendants with the negligence, if any of these answering defendants being secondary and/or derivative only.

11. Further, if plaintiff should recover judgment against these defendants, then co-defendant shall be liable to defendant for the full amount of said judgment or on the basis of any apportionment of responsibility for the alleged occurrence and defendant is entitled to indemnification from and over and against the co-defendant for all or part of any verdict or judgment which plaintiff may recover in such amounts as a jury or Court may direct.

12. That by reason of this action, said answering defendants have been and will be put to costs and expenses, including attorneys fees.

**WHEREFORE**, plaintiff's complaint should be dismissed and defendant demands judgment against Plaintiff on the first counterclaim for the sum of $5,867.36 with interest from November 14, 2009, minus any payments made to date, plus punitive damages, treble damages, costs and attorneys fees;

Defendant further demands judgment over and against the co-defendant for the amount of any judgment obtained against these defendants by plaintiff, or on the basis of the apportionment of responsibility in such amount as a jury or court may direct, together with the costs, disbursements and expenses of this action, including attorneys fees and for such other and different relief as to this court may deem just, proper and equitable under circumstances; and

 Defendant demand such further relief as this court deems appropriate, all with interest plus costs and disbursements of this action.

Dated: Jericho, New York
   July 28, 2011

                Yours, etc.
             STEVEN M. FEINBERG, ESQ. LLC

            By_____
             Steven M. Feinberg (SMF)
             Attorney for Defendant FF CREDIT
             50 Jericho Turnpike, Suite 205
             Jericho, NY 11753
             (516) 997-9797


To: TREYVUS & KONOSKI, P.C.
   Attorneys for Plaintiff
   305 Broadway, 14th Fl.
   New York NY 10007
   (212) 897-5832

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK: KINGS COUNTY        Case No.: 11-02626
================================================================
CIRO DEANGELIS,

                              Plaintiff,

          -against-

MAJOR CHEVROLET, INC., and
FF CREDIT CORPORATION, INC.,

                              Defendants.
================================================================
*ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM*
================================================================
**STEVEN M. FEINBERG, ESQ. LLC.**
Attorney For Defendnat FF CREDIT CORP.
50 JERICHO TURNPIKE, SUITE 205
Jericho, NY 11753
(516) 997-9797
================================================================
TO:                    Service of a copy of the within
Attorney for                                          is hereby admitted
Dated:
================================================================
PLEASE TAKE NOTICE

NOTICE OF ENTRY
that the within is a (Certified) true copy of a _____duly entered in
the office of the clerk of the  within named Court on _____, 20__

NOTICE OF SETTLEMENT
That an Order of which the within is an true copy will be presented for settlement to the
Hon._____, one of the judges of the within named Court, at
_____ on _____, 20_____

Dated_____
                                        Yours, etc.,
                              **STEVEN M. FEINBERG, ESQ. LLC.**

The signor certifies that the attached document, to the best of the signor's knowledge, based upon information and belief, after inquiry, is not frivolous.  If this particular document is not the original, an original has been executed to comply with the requirements of 22 N.Y.C.R.R. § 130.1a(a).

                                        _____
                                        Steven M. Feinberg

## AFFIDAVIT OF SERVICE

**STATE OF NEW YORK** )
                               ) ss.:
**COUNTY OF NASSAU**    )

I, the undersigned, being duly sworn deposes and says:

I am not a party to the action, am over 18 years of age and reside at Oceanside, NY

On August 5, 2011, I served the within ANSWER W/AFFIRMATIVE DEFENSES AND COUNTERCLAIM.

☒ By mailing a true copy to each of the following persons at the last known address set forth after each name below.

☐ By delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:*

☐ By transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney or party for such purpose, and by mailing a copy to the address set forth after each name.

☐ By dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

TREYVUS & KONOSKI, P.C.
Attorneys for Plaintiff
305 Broadway, 14th Fl.
New York, NY 10007

MICHAEL G. MC AULIFFE, ESQ.
Attorney for Defendant Major
48 South Service Road, Suite 102
Melville NY 11747

Sworn to before me this     day          _____
                , 2011                                   Kathryn Estrada

_____
STEVEN M. FEINBERG
Notary Public: Nassau County
Commission # 02FE4961632
Commission Expires February 14, 2014